UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRIAN M.,

        Plaintiff,

      v.                                           **DECISION AND ORDER**
                                                                19-CV-1321S

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

      1.      In this action, Plaintiff Brian M.[1] challenges the determination of an Administrative Law Judge ("ALJ") that his sale of property for less than fair market value rendered him ineligible for supplemental security income ("SSI"). Because this Court finds that the ALJ's decision is supported by substantial evidence and free from legal error, it will affirm.

      2.      On January 3, 2013, Plaintiff purchased the property at 688 East Eagle Street in the City of Buffalo for $2,500 at a tax foreclosure auction. (R. at 20, 33, 34.[2]) He held the property for more than two years and then sold it in June 2015 for $2,500. (R. at 20, 22.) At the time of the 2015 sale, the property had an assessed value of $40,000, and a fair market value of $40,404. (R. at 20, 30, 345, 347, 351.) Plaintiff admits that he sold the property so that he would be eligible for SSI benefits. (R. at 20, 352, 355.)

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

[2] Citations to the underlying administrative record are designated as "R."

3. Six months after selling the property—on December 1, 2015—Plaintiff applied for SSI under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385. His application was denied at the agency level and again on reconsideration upon findings that the sale of 688 East Eagle Street for less than fair market value rendered him ineligible for benefits. Plaintiff thereafter sought and received a hearing before an ALJ. On October 9, 2018, ALJ Lynette Gohr conducted a *de novo* hearing at which Plaintiff was represented and testified. Approximately one month later, on November 19, 2018, ALJ Gohr issued a written decision denying Plaintiff's application on the basis that his sale of the property made him ineligible for the SSI program. The Appeals Council thereafter denied Plaintiff's request for review on July 31, 2019.

4. Plaintiff timely filed the current civil action on September 27, 2019, challenging the Commissioner's final decision.[3] After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on May 8, 2020. (Docket Nos. 13, 14, 18.) The Clerk of Court thereafter assigned the case here on June 10, 2021, at which time this Court took the motions under advisement without oral argument. (Docket No. 20.) For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

5. A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d

---

[3] The ALJ's November 19, 2018 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

Cir. 1990) (internal quotation marks omitted).  In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."  42 U.S.C. § 1383 (c)(3).

6.     As relevant here, SSI provides financial assistance to eligible individuals "who have attained age 65 or are blind or disabled."  See 42 U.S.C. § 1381.  Among the eligibility requirements for an individual applicant like Plaintiff is that the value of his or her non-excludable resources[4] not exceed $2,000.  See 42 U.S.C. § 1381 (a)(1); 20 C.F.R. § 416.1205.  In this context, "resources" means "cash or other liquid assets or any real or personal property that an individual . . . owns and could convert to cash to be used for his or her support and maintenance."  See 20 C.F.R. § 416.1201 (a).  An individual who gives away or sells a non-excludable asset for less than fair market value for the purpose of establishing SSI eligibility will have the difference between the fair market value and the amount received counted against the resource limit for a period of up to 36 months.  See 42 U.S.C. § 1382b (c)(1)(A); 20 C.F.R. § 416.1246 (a)(1).  Fair market value is "equal to the current market value of a resource at the time of transfer or contract of sale, if earlier."  See 20 C.F.R. § 416.1246 (b).  The individual applying for SSI must establish his or her financial eligibility.  See Morales v. Colvin, No. 14-CV-5420 (JFB), 2016 WL 3033723, at *4 (E.D.N.Y. May 26, 2016); 20 C.F.R. § 416.200.

7.     As noted above, the ALJ found that Plaintiff's sale of 688 East Eagle Street for less than fair market value rendered him ineligible for SSI.  (R. at 18-21.)  There is no dispute that city records documented an assessed value of $40,000, and a fair market

---

[4] See 42 U.S.C. § 1382b (a) (setting forth excludable resources).

3

value of $40,404, and that Plaintiff sold the property for $2,500.  (R. at 20, 30, 345, 347, 351.)  There is further no dispute that Plaintiff failed to submit any evidence to counter the city assessments beyond his own testimony that the property is worth only $2,500.  (R. at 350.)

        8.        Nonetheless, Plaintiff challenges the ALJ's decision on the grounds that the city assessments do not constitute substantial evidence because they were from "Fiscal Year 2014" and were based on an outdated city-wide assessment from 2001.  As it relates to the substantial-evidence inquiry, the standard is not high.  See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).  The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)).  Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. § 1383 (c)(3), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position.  See Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)).  This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard."  Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448

4

(2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

9.      "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).  In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'" Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

10.     Here, Plaintiff failed to present any evidence that the city assessments did not accurately reflect the property's fair market value, nor did he submit any evidence that he ever challenged the assessments based on the condition of the property, which Plaintiff maintains rendered it nearly worthless.  See Speagle v. Comm'r of Soc. Sec., Civil Action No. 13-cv-14231, 2014 WL 5800068, at *7 (E.D. Mich. Nov. 7, 2014) (finding that ALJ properly relied on county assessments and that claimant failed to establish that the condition of the property warranted a reduction in fair market value since claimant

5

never appealed the county assessments).  Plaintiff's argument that the ALJ should have directed the preparation of an independent evaluation by a knowledgeable source under provisions of the Program Operations Manual ("POMS") overlooks that there was not an absence of evidence: the unchallenged city assessments were part of the record before the ALJ.  Cf. Bolton v. Colvin, Case No. CV 14-7288 RAO, 2015 WL 5721607, at *3 (C.D. Cal. Sept. 28, 2015) (suggesting that the ALJ should assist in obtaining an estimate from a knowledgeable source where "[t]he agency cannot use the claimant's allegation to establish current market value and no other evidence is available . . .").  In short, Plaintiff, who carried the burden, failed to show that the fair market value of the property when he sold it was only $2,500, and further, failed to demonstrate that the public city assessments of approximately $40,000 failed to accurately reflect fair market value.  This Court therefore finds that the ALJ's decision was supported by substantial evidence in the record.

11.   Accordingly, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds that it is free from legal error and supported by substantial evidence.  It is therefore affirmed.  See Grey, 721 F.2d at 46; Marcus, 615 F.2d at 27.  Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion seeking the same relief is granted.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 18) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:  September 14, 2021
        Buffalo, New York

                                            s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge